

FILED
APR 20 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>KITTY CASE,<br><br>          Debtor.<br>_____ | Case No. 04-20712-D-13L<br>Docket Control No. MWB-9<br><br>DATE:    April 17, 2007<br>TIME:    1:00 p.m.<br>DEPT:    D (Courtroom 34) |

**MEMORANDUM DECISION ON MOTION FOR APPROVAL OF
ATTORNEYS FEES AND COSTS PAYABLE**

Kitty Case (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Code") on January 26, 2004. Mark W. Briden, Attorney at Law ("Counsel") has continuously acted as counsel for the Debtor and this is Counsel's fourth fee motion. Through this fourth fee motion (the "Motion"), Counsel seeks additional compensation in the amount of $2,163.00 in fees and zero costs. Although no party has filed opposition to the Motion, the court has an independent duty to review all requests for compensation and to determine their reasonableness pursuant to § 328 of the Code.

At the outset the court notes that there is nothing extraordinary about this Chapter 13 case, but rather the case is a relatively routine Chapter 13. Further, the court notes that when considering the original fee that the Debtor paid, along with the

///

fees already approved under Counsel's three prior fee requests, Counsel has already been paid a total of $7,482.70 in this case.

Section 330 of the Code sets out the standard by which courts should determine the reasonableness of fees under Section 329 and reasonableness is determined by looking at the nature, extent and value of the services rendered. See In re Eliapo 298 B.R. 392, 401 (9th Cir. BAP 2003). Section 330(a)(3) of the Bankruptcy Code states that in determining the amount of reasonable compensation the court should consider the nature, extent, and value of the services rendered, taking account of all relevant factors, including the time spent on the services, the rates charged for the services, and the customary compensation of comparably skilled attorneys in other cases.

The court finds that Counsel's hourly rate ($195 per hour) is reasonable, and the court does not have an issue with the quality of Counsel's services. With that said, the court does have concern over whether the amount of time charged for specific tasks is reasonable. Specifically, on March 15, 2007 Counsel charged 1.4 hours ($273.00) for "Preparation of an Ex Parte Application for Order Refinancing of Property" designated docket control no. MWB-7; on March 16, 2007 Counsel charged .7 hours ($136.50) for "Formulation and Preparation of Proposed Order" on docket control no. MWB-7; and on March 20, 2007 Counsel charged 1.1 hours ($214.50) for "Preparation of Declaration in Support of Docket Number MWB-7." The court's concern with these time entries is two-fold. First, in light of the fact that these are routine forms, the time charged appears excessive. Second, the application was never filed with the court and this calls into question the value of the services rendered. Accordingly, these

1 | charges in the amount of $624.00 will be disallowed.

2 | On March 19, 2007 Counsel billed 1.1 hours ($214.50) for a
3 | "Declaration of Debtor in Support of Docket Number MWB-8"
4 | (declaration in support of confirmation), and on March 23, 2007
5 | counsel billed 2.4 hours ($468) for preparation of a motion to modify
6 | plan and notice of hearing.  These are form or routine pleadings
7 | where only certain particulars need to be filled in.  The court finds
8 | that a total time of 3.5 hours is excessive.  A reasonable, if not
9 | generous, time allocation for preparation of these documents is 2
10 | hours.  Accordingly, the court will allow 2 hours or $390.00 ($195 x
11 | 2).  This will reduce the fee request by another $292.50.

12 | In light of the above deductions, Counsel's request for fees of
13 | $2,163 will be reduced by $916.50 and the court will allow fees of
14 | $1,246.50.

15 | A separate order will be entered consistent with this memorandum
16 | decision.

17 | Dated:   APR 2 0 2007            _____
                                      Robert S. Bardwil
18 |                                  United States Bankruptcy Judge

## Certificate of Service

I certify that on ___APR 2 0 2007___ a copy of the **foregoing document** was mailed to the following:

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812

Mark Briden
P.O. Box 493085
Redding, CA 96049-3085

                              FOR THE COURT
                              RICHARD G. HELTZEL
                              CLERK, U.S. BANKRUPTCY COURT

By: _____/s/ Andria Lovison_____
           Deputy Clerk